FILED
12/02/2020
Clerk, U.S. District Court
District of Montana
Great Falls Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNNY LEEQUINN McLAUGHLIN,<br><br>Defendant. | CR 19-11-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Johnny Leequinn McLaughlin (McLaughlin) has been accused of violating the conditions of his supervised release. McLaughlin admitted all of the alleged violations. McLaughlin's supervised release should be revoked. McLaughlin should receive a custodial sentence of time served, with 30 months of supervised release to follow.

## II. Status

McLaughlin pleaded guilty to Possession of a Firearm by a Prohibited Person on June 19, 2019. (Doc. 43). The Court sentenced McLaughlin to 6 months of custody, followed by 3 years of supervised release. (Doc. 63). McLaughlin's current term of supervised release began on January 1, 2020.

(Doc. 72).

**Petition**

The United States Probation Office filed a Petition on June 23, 2020, requesting that the Court revoke McLaughlin's supervised release. (Doc. 72). The Petition alleged that McLaughlin had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using methamphetamine; and 3) by consuming alcohol.

**Initial appearance**

McLaughlin appeared before the undersigned for his initial appearance on June 25, 2020. McLaughlin was represented by counsel. McLaughlin stated that he had read the petition and that he understood the allegations. McLaughlin waived his right to a preliminary hearing. The Court determined that McLaughlin may be suffering from a mental disease or defect that should be evaluated before the Court conducted the revocation hearing. The Court ordered McLaughlin to undergo a mental evaluation pursuant to 18 U.S.C. § 4244(b).

**Mental Evaluation**

McLaughlin underwent a mental evaluation at the Federal Medical Center in Fort Worth, Texas beginning on or about August 7, 2020. Forensic Psychologist Dr. Lesli Johnson, Ph.D. conducted the mental evaluation. Dr. Johnson submitted

a report to the Court. (Doc. 88). Dr. Johnson determined that McLaughlin did not have a mental disorder that required treatment or care in a hospital or psychiatric referral center. (Doc. 88 at 16). The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 1, 2020. McLaughlin admitted that he had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using methamphetamine; and 3) by consuming alcohol. The violations are serious and warrant revocation of McLaughlin's supervised release.

McLaughlin's violations are Grade C violations. McLaughlin's criminal history category is I. McLaughlin's underlying offense is a Class C felony. McLaughlin could be incarcerated for up to 24 months. McLaughlin could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

McLaughlin's supervised release should be revoked. McLaughlin should receive a custodial sentence of time served, with 30 months of supervised release

3

to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed McLaughlin that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed McLaughlin of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to McLaughlin that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. McLaughlin stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Johnny Leequinn McLaughlin violated the conditions of his supervised release: by failing to notify his probation officer of a change in residence; by using methamphetamine; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke McLaughlin's supervised release and commit McLaughlin to the custody of the United States Bureau of Prisons for a term of time served, with 30 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of December, 2020.

John Johnston
United States Magistrate Judge